UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAKUR WILLIAMS,<br><br>*Plaintiff*,<br><br>v.<br><br>BIOMEDICAL ADVANCED<br>RESEARCH AND DEVELOPMENT<br>AUTHORITY, *et al.*,<br><br>*Defendants*. | Civil Action No. 20-3592 (FYP) |

## MEMORANDUM OPINION

Plaintiff Shakur Williams developed a COVID-19 contact-tracing app that he shared with the United States government via email and a public website. He alleges that the information he sent to the government was "confidential," and that the government improperly used and disclosed his intellectual property. He brings this suit against the Biomedical Advanced Research and Development Authority ("BARDA") and the United States Department of Health and Human Services ("HHS"), alleging violations of the Federal Tort Claims Act ("FTCA"), the Trade Secrets Act, the Sherman Antitrust Act, the Federal Trade Commission Act, the American Inventors Protection Act, and the Fifth and Fourteenth Amendments to the United States Constitution. Defendants BARDA and HHS move to dismiss, arguing that Plaintiff fails to state a claim, and that this Court lacks jurisdiction. The Court agrees and will therefore grant Defendants' Motion.

### BACKGROUND

Plaintiff is an engineer who developed a COVID-19 contact-tracing app called ConTAGV Trac. *See* ECF No. 6 (Amended Complaint), ¶¶ 1, 22. According to Plaintiff, his

"breakthrough Pandemic 2020 preventive measure development could win a Nobel Peace Prize," *id.*, ¶ 21, as "[n]o one had conceived or designed this product concept . . . by use of GPS, Bluetooth or computer software application via mobile phone app utilization locating case associates or people location daily," *id.*, ¶ 22. Williams claims that he emailed a "confidential letter" about this "breakthrough intellectual property" to the Secretary of HHS, the Assistant Secretary of HHS, and the U.S. Surgeon General in March 2020. *Id.*, ¶¶ 22, 38, 46. He also uploaded information about the app to the BARDA COVID countermeasures website in April 2020. *Id.*, ¶ 47; *see also id.*, ¶ 48 (stating that BARDA solicited "developments . . . from inventors").[1] Shortly thereafter, in April of 2020, the technology companies Apple, Inc. and Google LLC announced that they were "partnering" to develop contact-tracing technology. *Id.*, ¶¶ 36, 37. Based on the timing of this announcement, Plaintiff alleges that "a leak or disclosure of [his] confidential contact-tracing innovation was disclosed in the U.S." *Id.*, ¶ 32. He further alleges that the government agencies that possessed his information negligently failed to contact him and "conspire[d] to overlook an emergency." *Id.*, ¶¶ 38, 10.[2]

Based on the foregoing facts, Plaintiff alleges violations of his civil rights and deprivation of his property without due process of law, as well as "unfair and deceptive acts or practices in or affecting commerce." *Id.*, ¶¶ 3, 4, 14, 15. Specifically, Williams mentions or alleges violations

---

[1] BARDA is an office within HHS which "provides an integrated, systematic approach to the development of the necessary vaccines, drugs, therapies, and diagnostic tools for public health medical emergencies[.]" *Biomedical Advanced Research and Development Authority*, Office of the Assistant Secretary for Preparedness & Response (March 24, 2022), https://aspr.hhs.gov/AboutASPR/ProgramOffices/BARDA/Pages/default.aspx. The Court may take judicial notice of information on official government websites without transforming the motion into one for summary judgment. *Dastagir v. Blinken*, No. 20-cv-2286, 2021 WL 2894645, at *1 n.3 (D.D.C. July 9, 2021); *Pharm. Rsch. & Mfrs. of Am. v. HHS*, 43 F. Supp. 3d 28, 33 (D.D.C. 2014) ("Courts in this jurisdiction have frequently taken judicial notice of information posted on official public websites of government agencies.").

[2] Plaintiff further alleges that after he emailed his "breakthrough rapid response contact-tracing innovation" to the government, "companies, universities and public health agencies started to develop . . . the same product concept as my innovation." *Id.*, ¶ 7; *see also id.*, ¶ 8 (stating that his "product concept and product design was encroached . . . without due process to me, [and] developed illegally in various states by companies and in some cases universities"). He does not, however, include any allegations about how the companies, universities, and agencies obtained information about his app.

of the Federal Tort Claims Act, 28 U.S.C. § 2674; the Trade Secrets Protection Act, 18 U.S.C. § 1905; the Sherman Antitrust Act, 15 U.S.C. § 2; the Federal Trade Commission Act, 15 U.S.C. § 45; the American Inventors Protection Act, 35 U.S.C. § 297(b); and the Fifth and Fourteenth Amendments. *Id.* at 4, ¶¶ 8, 14–15, 38, 45, 47, 48. He seeks injunctive and declaratory relief, compensatory damages, punitive damages, *pro se* fees, and litigation expenses. *Id.*, ¶ 16. In total, he requests between $4,200,000,000 and $4,800,000,000 in compensation. *Id.*, ¶ 56.

On March 30, 2021, Defendants BARDA and HHS filed the instant Motion to Dismiss, arguing that the Court lacks subject matter jurisdiction over many of Plaintiff's claims; and that, in any event, Plaintiff fails to state a claim. *See generally* ECF No. 9 (Defendants' Motion to Dismiss). The Motion to Dismiss is ripe for resolution.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim upon which relief can be granted." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 552 (2007). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, *id.* at 555, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

When considering a motion to dismiss, a court must construe a complaint liberally in the plaintiff's favor, "treat[ing] the complaint's factual allegations as true" and granting the plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979)); *accord Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Although a plaintiff may survive a Rule 12(b)(6) motion even if "'recovery is very remote and unlikely,'" the facts alleged in the complaint "must be enough to raise a right to relief

above the speculative level." *Twombly*, 550 U.S. at 555–56 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## ANALYSIS

As an initial matter, Defendants have submitted a detailed Motion to Dismiss in which they methodically discuss all of Plaintiff's legal theories and explain why each fails on jurisdictional grounds or fails to state a claim. *See generally* Def. Mot. In his Opposition, Plaintiff fails to address any of Defendants' substantive legal arguments.[3] "It is well understood in this Circuit that when [a party] files an opposition to a dispositive motion and addresses only certain arguments raised by [the moving party], a court may treat those arguments [which were not addressed] as conceded." *Kenner v. Berryhill*, 316 F. Supp. 3d 530, 537 (D.D.C. 2018) (cleaned up); *Wannall v. Honeywell, Inc.*, 775 F.3d 425, 428 (D.C. Cir. 2014) ("[I]f a party files an opposition to a motion to dismiss and therein addresses only some of the movant's arguments, the court may treat the unaddressed arguments as conceded."). Because Plaintiff has conceded

---

[3] The arguments that Plaintiff does present in his opposition fail to persuade the Court that his claims should proceed. First, he alleges that the caption in Defendants' Motion to Dismiss is improper, and that the Motion should therefore be denied. *See* ECF No. 13 (Plaintiff's Opposition), ¶ 1. Plaintiff offers no authority to support his argument that a motion's improper caption would justify denying the motion. In any event, the Federal Rules of Civil Procedure require only that the complaint name all parties; "other pleadings, after naming the first party on each side, may refer generally to other parties." *See* Fed. R. Civ. P. 10(a). Thus, the caption complies with the applicable rule.
    Plaintiff next argues that the Motion to Dismiss is premature because no discovery has occurred. *See* Pl. Opp., ¶¶ 2, 9 (complaining that the government "has not even answered questions about ownership of states-used digital contact tracing app"). This argument demonstrates a misunderstanding of the procedural posture of the case. Defendants have filed a Motion to Dismiss, which requires the Court to determine whether Plaintiff's claims are valid on the face of the Complaint. No discovery is necessary for the Court to rule on the Motion to Dismiss.
    Plaintiff also argues that the Motion to Dismiss was submitted out of time and was not prepared within 30 days of the Amended Complaint being filed. *See id.*, ¶ 3. But the Motion to Dismiss was filed on March 30, 2021, within the time period allowed by the Court. *See* Minute Order dated March 5, 2021 (setting deadline of March 30, 2021, for Defendants to file Motion to Dismiss). Finally, Plaintiff argues that the Court has jurisdiction under Article III of the Constitution. *See* Pl. Opp., ¶ 8. Although the authority of this Court to reach the merits of a case may be limited by statutory requirements that Plaintiff has not considered, such as administrative exhaustion, the Court sees no need to reach the merits of the jurisdictional arguments raised by Defendants in light of its resolution of the Motion to Dismiss on other grounds.

all of Defendants' arguments for dismissal by failing to address those arguments, the Court will grant the Motion to Dismiss.

In any event, the facts alleged by Plaintiff fail to state a claim.  The core allegations of Plaintiff's Amended Complaint appear to be:  (1) That after Plaintiff sent information about his COVID-19 contact-tracing app to Defendants, they unlawfully used his design, thereby stealing his intellectual property and depriving him of due process of law and violating various statutes, *see* Am. Compl., ¶¶ 3, 8, 12, 27, 32, 45; and (2) After Plaintiff sent Defendants his information, they negligently and unlawfully failed to respond to his overtures, *see id.*, ¶¶ 1, 10, 38.  To support his claims of theft or misuse of intellectual property, Plaintiff alleges that shortly after he sent his confidential information to various federal agencies in March 2020, Apple and Google announced their intention to develop contact-tracing technology.  *Id.*, ¶¶ 36, 37.  Plaintiff speculates that Apple, Google, and the government must have discussed contact-tracing in April 2020.  *Id.*, ¶ 30 ("FACT: Apple and Google had talked to the U.S. government on the digital app's development, right?"); ¶ 39 ("[T]he belief is that the U.S. government, Apple and Google talked on contact-tracing during April 2020.").  He concludes that the government must have improperly used his idea and confidential information without compensating him because (1) the "probability that [HHS] and [BARDA] . . . conversed and planned a digital app contact-tracing technology . . . before March 2020 . . . is probably a very low number," *id.*, ¶ 11; and (2) "[i]f there [were] no foreign talks on contact-tracing developments . . . before [he sent his letter] dated March 2020, then . . . a leak or disclosure of [his] confidential contact-tracing innovation was disclosed in the U.S."  *Id.*, ¶ 32; *see also id.*, ¶ 46 (claiming that no one "had conceived or designed this product concept" before).

The facts alleged by Plaintiff do not support an inference that his contact-tracing app was stolen or improperly released by Defendants. The linchpin of Plaintiff's case is his assumption that Apple and Google relied on Plaintiff's confidential information when they decided to develop contact-tracing technology. But the only evidence of this is (1) Plaintiff's speculation that it is "probably" very unlikely that the government had planned to develop a contact-tracing app before it received his unsolicited information, and (2) his unsupported assumption that Apple and Google communicated with the government about his app. *See* Am. Compl., ¶¶ 11, 30, 39. Those allegations are insufficient on their face to support Plaintiff's claim. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (stating a court may dismiss a claim "when the facts alleged rise to the level of the irrational or the wholly incredible"); *Hagans v. Lavine*, 415 U.S. 528, 537 (1974) (stating that allegations are insufficient where so "attenuated and unsubstantial as to be absolutely devoid of merit"). The idea of a contact-tracing app is not so unique or revolutionary that only Plaintiff could have conceived it; and the fact that other contact-tracing technologies were developed after Plaintiff submitted his idea does not support the inference that his information must have been unlawfully used or released. *See Moore v. Motz*, 437 F. Supp. 2d 88, 90 (D.D.C. 2006) (finding that "[e]ven a pro se plaintiff's inferences . . . need not be accepted" if they "are unsupported by the facts set out in the complaint").[4]

Nor does Plaintiff cite any evidence or authority that the government agencies to which he sent his confidential information had a duty to meet with him or to communicate with him about his app. On his own initiative, Plaintiff submitted information about his app to Defendants

---

[4] Plaintiff also mentions that HHS "distributed the app (product design) through a Secretary of [HHS] webinar on the use of contact-tracing app." Am. Compl., ¶ 12. This single, conclusory sentence lacks sufficient specificity, detail, or context to state a claim. *See Twombly*, 550 U.S. at 545 (stating that a complaint "requires more than labels and conclusions" to "raise a right to relief above the speculative level"); *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

6

via email and via a public website.[5]  *See* Am. Compl., ¶¶ 46, 47.  The Court is not aware of any authority to support Plaintiff's apparent claim that the government has a legal obligation to respond to every unsolicited idea or comment submitted by a member of the public.  Plaintiff cannot rely on conclusory allegations or mere speculation to survive a motion to dismiss.  *See Twombly*, 550 U.S. at 555–56; *Trifax Corp. v. District of Columbia*, 53 F. Supp. 2d 20, 29 (D.D.C. 1999) (granting a motion to dismiss when plaintiff could not demonstrate the existence of a duty).  He thus fails to state a claim.

Although Plaintiff has conceded all of Defendants' arguments and fails to state a claim, the Court has nonetheless reviewed each of his legal theories and has concluded that they are baseless.  *See* 28 U.S.C. § 1915(e) (allowing a court to dismiss a case at any time if the court determines that the action is frivolous); *Neitzke v. Williams*, 490 U.S. 319, 328 (1989) ("To the extent that a complaint filed *in forma pauperis* which fails to state a claim lacks even an arguable basis in law, Rule 12(b)(6) and [Section 1915] both counsel dismissal."); *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind.").  Plaintiff fails to allege any actionable tort under the FTCA or that he exhausted his administrative remedies.  *See Francis v. Perez*, 256 F. Supp. 3d 1, 5 (D.D.C. 2017) ("Tort claims against the federal government are only actionable to the extent that it has waived its sovereign immunity, which it has done for some tort claims."); *Colbert v. USPS*, 831 F. Supp. 2d 240, 243 (D.D.C. 2011) (holding that because "administrative exhaustion is a jurisdictional prerequisite to [an FTCA] suit . . . a plaintiff must plead administrative exhaustion in an FTCA case" (cleaned up));  *McNeil v. United States*, 508

---

[5]  Notably, the BARDA website requesting COVID-19 countermeasures stated, "your submission will be shared across U.S. Government agencies involved in COVID-19 medical countermeasures and development."  *See* Def. Mot. at 11 (quoting www.medicalcountermeasures.gov).  Plaintiff even acknowledges that the website states that the submissions are non-confidential.  *See* Am. Compl., ¶ 48.

U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). He also fails to allege how the government's passive receipt of his voluntarily provided information constituted a "deprivation" of his property under the Fifth and Fourteenth Amendments. *See Mathews v. Eldridge*, 424 U.S. 319, 332–36 (1976) (holding that a plaintiff must allege that they were deprived of a protected property interest without constitutionally sufficient procedures to state a violation of procedural due process); *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1002 (1984) ("If an individual discloses his trade secret to others who are under no obligation to protect the confidentiality of the information . . . his property right is extinguished."). And his invocation of the Trade Secrets Protection Act, the Sherman Antitrust Act, the Federal Trade Commission Act, and the American Inventors Protection Act have no basis in the law. *See Neitzke*, 490 U.S. at 328 (courts have the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless"). Plaintiff's legal claims are therefore meritless and must be dismissed.

## CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss. On June 29, 2021, Plaintiff filed a Motion for Summary Judgment, which Defendants opposed on October 15, 2021. The Court will deny Plaintiff's Motion for Summary Judgment as moot, in light of its ruling on the Motion to Dismiss.[6] A separate Order will issue this day.

_____
FLORENCE Y. PAN
United States District Judge

Date:   March 31, 2022

---

[6] Plaintiff also submitted various other filings to the Court on November 1, 2021. In light of this Court's ruling on the Motion to Dismiss, leave to file those papers is denied.